PETER L. STEINMAN, ESQ. (SBN 144303)
psteinman@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Blvd., 19th Floor
Los Angeles, CA 90024
Telephone:  (310) 564-2670
Facsimile: (310) 564-2671

ALLISON C. AGUIRRE, ESQ. (SBN 312544)
aaguirre@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Ave., Ste. 1000
Irvine, CA 92614
Telephone: (714) 557-7990
Facsimile: (714) 557-7991

Attorneys for Plaintiff
*NEWPOINT FINANCIAL CORP.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| NEWPOINT FINANCIAL CORP., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BERMUDA MONETARY AUTHORITY; GERALD GAKUNDI, an individual; SUSAN DAVIS-CROCKWELL, an individual; DOES 1 THROUGH 10, inclusive,<br><br>Defendant. | Case No.:  2:22-cv-08659-MCS (PVCx)<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **TORTIOUS INTERFERENCE WITH EXISTING AND PROSPECTIVE ECONOMIC ADVANTAGE;**<br>2. **NEGLIGENT INTERFERENCE WITH EXISTING AND PROSPECTIVE ECONOMIC ADVANTAGE;**<br>3. **TRADE LIBEL; AND**<br>4. **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 AND REQUEST FOR INJUNCTIVE RELIEF** |

**FIRST AMENDED COMPLAINT**

Plaintiff NEWPOINT FINANCIAL CORP. alleges against Defendants GERALD GAKUNDI and SUSAN DAVIS-CROCKWELL as follows:

## NATURE OF ACTION

1.    This action arises from Gerald Gakundi and Susan Davis Crockwell's (collectively "**Defendants**") blatant, intentional bad faith malfeasance in connection with the denial of Plaintiff Newpoint Financial Corp.'s ("**Newpoint**") application to the Bermuda Monetary Authority ("**BMA**") to obtain an eventual controlling interest in a Bermudian insurance company without any, much less good, cause.  Compounding Defendants' bad faith denial of Newpoint's application, Defendants committed additional malfeasance by publishing false, defamatory, and improper statements regarding Newpoint, as well as bad faith intentional interference with Newpoint's existing and future business relations in California.  Further, despite Newpoint's proper appeal of the erroneous bad faith denial, on information and belief, Defendants have continued their malfeasance and bad acts against Newpoint, including further publication and dissemination of its bad faith denial and further false and derogatory statements regarding Newpoint, thereby further injuring Newpoint in California and elsewhere.  Unless the Defendants are restrained, they will continue their malicious crusade against Newpoint to Newpoint's great and irreparable injury.

## PARTIES

2.    Plaintiff Newpoint, was and is, a corporation organized under the laws of Delaware.  Newpoint's principal place of business 97101 Wilshire Blvd, Suite 1000, Beverly Hills, California, 90212.  Newpoint is registered to do business in California and is in good standing with the Secretary of State of California.

3.    Defendant Gerald Gakundi ("**Gakundi**"), is an individual residing in Bermuda. Mr. Gakundi is the Director for the Insurance Supervision Department at the BMA.

4.    Defendant Susan Davis-Crockwell ("**Davis-Crockwell**") is an individual residing in Bermuda.  Ms. Davis-Crockwell is the Deputy Director of Enforcement for the Legal Services and Enforcement Department at the BMA. Upon information and belief, Gakundi and Davis-Crockwell engineered and carried out their nefarious, bad faith plan to

**FIRST AMENDED COMPLAINT**

wrongfully deny Newpoint's application and to defame, harass, injure Newpoint by, inter alia, publishing and republishing false, malicious, and defamatory statements regarding Newpoint in California, knowing that their malfeasance would harm Newpoint in California.

5.    Newpoint is informed and believes and, on that basis, alleges that at all relevant times, the Defendants sued herein as Does 1 through 10, inclusive, and each of them, were and are in some way responsible for the acts and events complained of herein and proximately caused injuries and damages to Newpoint which are described in this complaint.

6.    Newpoint is informed and believes and, on that basis, alleges that at all times herein mentioned each defendant sued as Does 1 through 10 was the agent and employee of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.  Newpoint will seek leave of court to amend this complaint to set forth those defendants' wrongful conduct more specifically when it has been ascertained.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this claim under 28 U.S.C § 1332.  At all relevant times, Defendants purposely committed and directed wrongful acts against Newpoint at Newpoint's principal place of business in Beverly Hills, California, including transmitting correspondence containing false, defamatory, and malicious statements regarding Newpoint in Beverly Hills, California.  Further, Defendants' past and continuing malfeasance wrongfully interfered with Newpoint's existing and prospective business and economic relationships in California.  Accordingly, venue in the Central District is proper and this Court has jurisdiction over Defendants because, among other things, the wrongs were committed in, and purposely directed toward, California and, more particularly, in Central District of California.

## FACTUAL ALLEGATIONS

8.    The BMA is an agency in Bermuda that generally regulates Bermuda's financial services sector.  As relevant to this action, the BMA reviews and approves certain domestic

**FIRST AMENDED COMPLAINT**

(Bermudian) insurance company transactions, including the purchase and sale of controlling shareholder interests in domestic insurance companies.

9.     On June 16, 2022, Newpoint applied to the BMA to become a controlling shareholder of a Bermudian insurance company, Citadel Reinsurance Company Limited ("**Citadel**").   The application made clear that Newpoint would initially only acquire a minority shareholder interest and would not acquire a controlling shareholder interest for ten years.

10.     When Newpoint obtains an interest in an insurance company, it regularly manages its investment in that company from its principal place of business in Beverly Hills, California. Accordingly, and as Defendants knew or should have known, Newpoint would have operated and managed its investment in Citadel from its Beverly Hills, California office.

11.     As Defendants knew or should have known, the terms of the Citadel transaction made clear that Newpoint would not acquire a controlling shareholder interest for at least ten years.  As a result, Defendants knew or should have known that there was no need for their immediate approval of, or involvement in, the Newpoint Citadel transaction.  Nevertheless, on July 26, 2022, Defendant Davis-Crockwell, transmitted a letter to Newpoint at its Beverly Hills, California principal place of business stating she was considering "objecting" to the transaction, the objection being the functional equivalent of rejecting the transaction.  The letter falsely and maliciously claimed that Newpoint was not a "fit and proper person to be the controller of Citadel."   Upon information and belief, Defendant Gakundi drafted, participated in, and/or approved the July 26, 2022 letter and its contents, including the following false statements and claims:

      a.     The BMA had received "information" from regulators in multiple jurisdictions" that "Newpoint … provided information which is not accurate and is misleading as to the status of Newpoint's current ownership of other companies";

b.   "That Newpoint is unlikely to comply with directions or other regulatory obligations imposed upon it"; and

c.   That Newpoint fails to meet the "Eligible Capital Rules".

12.   Each of the statements above were and are demonstrably false.   Upon information and belief, the above defamatory, malicious, inflammatory, and false statements were not only provided to Newpoint, but were also provided to third parties through written and verbal publications, including persons in California.   Defendants' malfeasance was directly aimed at Newpoint in California as it was calculated to and did damage and injured Newpoint's reputation, good will, and ability to conduct existing business in California and was calculated to and did jeopardize Newpoint's ability to conduct future business in California, including its ability to acquire interests in other insurance companies to be run out of Newpoint's California office.   Further, unless restrained by this Court, Defendants will continue to maliciously publish and disseminate false and defamatory statements regarding Newpoint, to Newpoint's irreparable injury and harm.

13.   On or about August 19, 2022, Newpoint rebutted each of the false statements contained in Defendants' July 26, 2022 letter.   Newpoint pointed out, *inter alia*, that Defendants failed to provide evidence to support the false accusations and conclusions. Newpoint also stated that it had never made any of the supposed submissions or provided "information" to other regulators on which Defendants claimed they had relied.   Newpoint also pointed out that Defendants had conflated Newpoint with other companies containing Newpoint in their names.   Newpoint stated that Defendants had improperly and prejudicially attributed the undisclosed "secret" findings of "other regulators" that appeared, as far as Newpoint could tell, to be based on wrong, unsubstantiated, unrelated, and unjustified complaints made against another entity or entities.

14.   On September 30, 2022, Defendant Davis-Crockwell transmitted to Newpoint at its Beverly Hills, California office a final "objection" thereby rejecting Newpoint's application.   Specifically, the objection was signed by Defendant Davis-Crockwell.   Upon information and belief, Defendant Gakundi also drafted, participated in, and/or approved the

objection and its contents.  In addition to ignoring Newpoint's well founded rebuttal of Defendants' false accusations and defamatory statements, Defendants doubled down on their malfeasance, again falsely conflating Newpoint with other entities, and vaguely accusing those companies' directors and controllers, Keith Beekmeyer ("**Beekmeyer**") and Andrew Bye ("**Bye**"), of vague misconduct that allegedly supported the Defendants' bad faith denial of Newpoint's controlling shareholder application.

15.     Defendants also further defamed and besmirched Newpoint and its shareholders' reputations by repeating the false and malicious statements contained in its preliminary objection, including that it "received information from regulators in multiple jurisdictions which confirms that various of the Newpoint Companies have provided information which is not accurate and is misleading as to the status of the Newpoint Companies' current ownership and regulatory status."

16.     Defendants' statements and conclusions are flatly false, and Defendants either knew they were flatly false, or purposely ignored the evidence demonstrating that the statements and conclusions were flatly false, at the time they were made.

17.     Defendants' bad faith statements and malfeasance have negatively impacted Newpoint's existing and potential business opportunities in California, including but not limited to Newpoint's ability to acquire controlling interests in other companies. Such investments and acquiring transactions would have been operated out of California.

18.     Based on Defendants' knowledge of Newpoint's principal place of business in Beverly Hills, Defendants knew or should have known that their malfeasance would interfere with Newpoint's existing business and operations in California and cause Newpoint to lose potential future business opportunities centered in California.

19.     Defendants' defamatory statements were made in bad faith and with malice, as evidenced not only by the above bad faith actions, but also its conduct before Newpoint even filed its application.  For example, on or about March 21, 2022, Defendants sent an unprovoked letter to Citadel which contained additional false and defamatory statements about Newpoint, including the following:

    a.    Defendants have "significant concerns on the fitness and propriety of Newpoint as a proposed Shareholder Controller"; and,

    b.    Defendants have "concerns that some of the material [provided] included inaccurate, false, and misleading information."

20.    Further, upon information and belief, Defendants arranged a call with Citadel, where it perpetuated and disseminated these and other falsehoods and continued their malicious efforts to injure Newpoint.

21.    Indeed, upon information and belief, Defendants had predetermined they were going to deny any application by Newpoint to acquire a controlling interest in Citadel – ***at least three months*** before Newpoint even submitted its application – and even though action by Defendants was not required for at least ***ten years***.  Each wrongful act was perpetrated in furtherance of Defendants' malicious and unjustified crusade against Newpoint.

22.    Newpoint believes Defendants' prejudicial bias, defamatory remarks, and unfounded allegations stem, at least in part, from a complaint from the Gibraltar Regulatory Authority, which itself was based on unfounded and irrelevant allegations that have since been proven false or have been amicably resolved.  Nevertheless, Defendants, in bad faith and with malice, refused to examine and consider the overwhelming evidence Newpoint submitted regarding same – evidence that rebutted the false and defamatory statements and spurious conclusions contained in Defendants' objections.

23.    Newpoint has suffered and will continue to suffer damages due to Defendants' malfeasance, including their malicious, false, and defamatory statements.

## FIRST CAUSE OF ACTION

### Tortious Interference with Existing and Prospective Economic Advantage

### (Against All Defendants)

24.    Newpoint realleges and incorporates paragraphs 1 to 23 as if fully set forth herein.

///

///

25.     A contractual agreement, in principle, existed between Citadel, Citadel related entities (collectively, the "**Citadel Group**") and Newpoint to acquire a controlling shareholder interest in Citadel.

26.     A prospective economic relationship also existed between Newpoint and the Citadel Group, regarding the instant transaction and potentially other transactions.

27.     The Defendants were not parties to the stock purchase agreement or the economic relationship.

28.     The Defendants were fully aware of Newpoint's contractual and economic relationships with the Citadel Group, including Newpoint's prospective economic relations with the Citadel Group.

29.     The Defendants intentionally and in bad faith interfered with Newpoint's contractual relationship and prospective economic relations with the Citadel Group by engaging in the conduct alleged above, including but not limited to intentionally publishing and republishing false and defamatory statements about Newpoint.

30.     The Defendants were fully aware that, due to their actions, disruption was certain or substantially certain to occur in Newpoint's relationship with the Citadel Group.

31.     The Defendants' interference with Newpoint's contractual and economic relationships was perpetrated in bad faith.  The Defendants had no legitimate reason or business interest in committing the malfeasance detailed above.

32.     Defendants' past malfeasance and threatened continuing malfeasance interfered and will continue to interfere with Newpoint's prospective economic relationships with other insurers in California and elsewhere, as upon information and belief, Defendants have already shared and/or threatened to share their malicious, false, and defamatory statements to other regulators.

33.     The Defendants' wrongful actions have resulted in actual disruption of the prospective economic relations alleged in this complaint, as Newpoint is unable to move forward with the purchase of Citadel's shares.

///

**FIRST AMENDED COMPLAINT**

34.     As a direct and proximate result of the Defendants' malfeasance, Newpoint's agreement(s) with the Citadel Group to purchase a controlling interest in Citadel have been rescinded.

35.     By interfering with Newpoint's prospective economic relationship with the Citadel Group, Defendants blocked Newpoint from the prospective benefits thereof, including benefits that Newpoint would receive in California.  Newpoint has suffered and stands to suffer substantial harm in California resulting from the disruption of this relationship, all in an amount in excess of the minimum jurisdiction of this Court.

36.     Defendants' intentional acts were the proximate cause of Newpoint's damages, including Newpoint's inability to complete the purchase of the Citadel Group's shares and eventually to become the Controlling Shareholder of Citadel.  The same misconduct has damaged Newpoint's prospective economic relations with the Citadel Group, and the Citadel.  Defendants' continuing malfeasance will also interfere with Newpoint's prospective economic relations with other companies, including other insurers, including specifically in California.

37.     Defendants' conduct was undertaken with malice, oppression and/or fraud, and was willfully, maliciously, and oppressively committed with the intention of causing Newpoint to suffer extreme harm, warranting the imposition of punitive damages against the Defendants for the reasons set forth herein.  Newpoint thus seeks punitive damages against Defendants, and each of them, for their willful, wanton, and malicious behavior by interfering with Newpoint's economic relationship with the Citadel Group, a relationship which the Defendants had no legitimate reason to hinder or stop.

38.     As a direct and proximate result of the Defendants' malfeasance, Newpoint has been damaged in an amount exceeding, but not less than, $25,000,000.00.

///

///

///

///

**FIRST AMENDED COMPLAINT**

## SECOND CAUSE OF ACTION

### Negligent Interference with Existing and Prospective Economic Advantage

### (Against All Defendants)

39. Newpoint realleges and incorporates paragraphs 1 to 38 as if fully set forth herein.

40. The Defendants wrongfully, and unreasonably, interfered with Newpoint's existing relationship and prospective economic relations with the Citadel Group by engaging in the conduct alleged in this complaint, including but not limited to spreading false, malicious, and defamatory statements about Newpoint without doing proper due diligence and ignoring the true facts.

41. The Defendants undertook the wrongful acts as alleged in this complaint without proper cause and in contravention of the true facts to which they were provided. Defendants' malfeasance did disrupt the prospective economic relationship between Newpoint and the Citadel Group.

42. The Defendants' interference with the contractual relations between Newpoint and the Citadel Group was unwarranted and wrongful. Defendants failed to take the proper steps in order to ascertain the truth of the false, malicious, and defamatory statements against Newpoint prior their publication and prior to interfering with and destroying Newpoint's contractual and economic relations with the Citadel Group.

43. The Defendants' wrongful actions have resulted in actual disruption of the prospective economic relations alleged in this complaint, as Newpoint is unable to move forward with the purchase of Citadel's shares, interrupting and interfering with Newpoint's California business and operations.

44. By interfering with Newpoint's prospective economic relationship with the Citadel Group, the Defendants blocked Newpoint from the prospective benefits thereof. Newpoint has suffered and stands to suffer substantial harm resulting from the disruption of this relationship, all in an amount in excess of the minimum jurisdiction of this court.

45.    As a direct and proximate result of the Defendants' bad faith actions, Newpoint's agreement(s) with the Citadel Group to purchase a controlling interest in the Citadel have been rescinded.

46.    The Defendants failed to act with reasonable care.

47.    The Defendants' negligent and wrongful acts were the proximate cause of Newpoint's inability to complete the purchase of the Citadel's shares and become the Controlling Shareholder of Citadel and has damaged Newpoint's prospective economic relations with the Citadel Group, and the Citadel, as well as other similar insurance and business opportunities arising out of being managed from its California office.  Defendants' continuing malfeasance will also interfere with Newpoint's prospective economic relations with other companies, including other insurers.

46.    As a direct and proximate result of the Defendants' actions, Newpoint has been damaged in an amount exceeding, but not less than, $25,000,000.00.

## THIRD CAUSE OF ACTION

### Trade Libel

### (Against All Defendants)

47.    Newpoint realleges and incorporates paragraphs 1 to 46 as if fully set forth herein.

48.    The Defendants' published the false statements alleged above in writing about Newpoint.

49.    On information and belief, these statements were also provided to third parties.

50.    On information and belief, the Defendants also verbally reiterated these statements to third parties.

51.    The foregoing libelous and slanderous statements were not then, nor are they now, privileged.

52.    Defendants' expressed intention in publishing the libelous statements and verbally repeating the defamatory statements was to disparage and embarrass Newpoint and to cause damage to Newpoint's reputation and standing in the business community, with

1  resultant loss of income and opportunity to Newpoint.

2      53.    The Defendants intentionally, in bad faith, and with malice made the untrue and

3  prejudicial defamatory statements.

4      54.    As a direct and proximate result of the Defendants' libelous and slanderous

5  statements, Newpoint's relationship with Citadel (as well as others) was actually disrupted.

6      55.    As a direct and proximate result of the Defendants' libelous and slanderous

7  statements, Newpoint has suffered economic harm in an amount to be proven at trial, but no

8  less than $25,000,000.00.

9                          **FOURTH CAUSE OF ACTION**

10            **Violation of Business and Professions Code Section 17200**

11                          **(Against All Defendants)**

12      56.    Newpoint realleges and incorporates by reference paragraphs 1 through 55 as if

13  fully set forth herein.

14      57.    Defendants' wrongful conduct as alleged in this complaint constitutes unlawful

15  and/or unfair business acts or practices under California Business and Professions Code

16  section 17200.  violates the common law prohibition of intentional or negligent interference

17  with contractual and prospective economic relations, as well as trade libel.

18      58.    As a direct and proximate result of the Defendants' unlawful and/or unfair

19  business acts or practices, Newpoint has suffered injury and harm, and will continue to suffer

20  injury and harm, unless the Defendants' are enjoined from the conduct alleged in this

21  complaint and are ordered to stop making false, malicious, and defamatory comments about

22  Newpoint.

23      59.    Newpoint is entitled to an injunction prohibiting the Defendants' unlawful

24  and/or unfair, business acts or practices.

25  ///

26  ///

27  ///

28  ///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them, as follows:

1.      For damages in an amount to be proven at trial, but no less than $25,000,000.00, plus interest thereon at the legal rate until paid in full;

2.      For punitive and exemplary damages;

3.      For its reasonable attorney's fees;

4.      For costs of suit incurred herein;

5.      For an injunction, enjoining the Defendants from making defamatory statements regarding Newpoint; and,

6.      For such other and further relief as the Court deems just and proper.

**MICHELMAN & ROBINSON, LLP**

Date: July 17, 2023             By:  */s/ Allison C. Aguirre*
                                        Peter L. Steinman
                                        Allison C. Aguirre
                                        Attorneys for Plaintiff
                                        NEWPOINT FINANCIAL CORP.

**FIRST AMENDED COMPLAINT**